


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/08

THE CITY OF NEW YORK

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

RECEIVED
AUG 18 2008
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

August 15, 2008

*[Handwritten note:]* The Court will meet with counsel at the conf. on Sep. 5, 2008, 9:30 am. The Court expects that, well before that time, all material discovery obligations will have been satisfied.
8-18-08
/s/ AKH

**BY HAND**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Donovan, et al. v. City of New York, et al.</u>, 08 CV 5664 (AKH)

Dear Judge Hellerstein:

  I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983 and alleging violations of plaintiffs' civil rights. For the reasons set forth below, defendant respectfully requests (i) an order requiring plaintiff Frederick Donovan to produce an unsealing release pursuant to New York Criminal Procedure Law § 160.50 allowing defendant to access the Queens County District Attorney's office records related to the criminal prosecution alleged in the complaint by a date certain, and (ii) an extension of time in which to respond to the complaint until 45 days after plaintiff has provided the release. We ask also that the Court schedule the initial conference in this matter for a date after defendants have responded to the complaint.

  By way of background, plaintiffs brought this action on June 24, 2008, alleging, <u>inter alia</u>, false arrest and malicious prosecution arising out of their arrests on or about January 17, 2006, as a result of murders that allegedly took place on January 1, 2006, and their subsequent criminal prosecution. Plaintiffs allege that they were arrested after New York City police officers commenced an investigation of the murders, and that they continued to be held in custody after the officers learned of a witness with exculpatory information, which the officers allegedly failed to disclose. (Complaint at ¶¶ 25 to 32). According to plaintiffs, they initially learned of the purported exculpatory information during their criminal trial. (Complaint at ¶ 33). Plaintiffs allege that they were acquitted by a jury of all charges brought against them on May 2, 2008. (Complaint at ¶ 44). As a result of the alleged lengthy criminal prosecution and the extensive documentation likely prepared in connection with the underlying criminal matter, we

expect that the records of the criminal matter are extensive and will take some time to retrieve and to reproduce for this office's use. See, e.g., Complaint at ¶ 32 (referencing numerous DD-5's, i.e., NYPD investigatory reports), ¶ 33 (referencing witness interview that took place 2 years and 4 months before trial), ¶ 41 (referencing multiple murder and other felony charges with which plaintiffs claim that they were charged), and ¶ 43 (referencing 5-week criminal trial).

Defendants' response to the complaint is currently due on September 12, 2008. By letters dated July 3, 2008, and then again by letters dated July 22, 2008, this office requested that plaintiffs produce properly-executed authorizations for release of records sealed pursuant to New York Criminal Procedure Law § 160.50. When we did not promptly receive the releases, I also discussed this matter with plaintiffs' counsel by telephone and followed up with him by e-mail messages several times, on July 10, July 23, August 1, August 5, August 8, and August 11, 2008. Plaintiffs' counsel repeatedly assured me that he was attempting to contact his clients to arrange for them to execute the releases. However, I did not receive a release executed by plaintiff Banks until August 7, 2008. Although I received several releases executed by plaintiff Donovan on August 11, 2008, those releases did not authorize this office to access the Queens District Attorney's office file for this plaintiff.[1] When I spoke with plaintiffs' counsel on August 12, 2008, he asked that I provide him with another blank release form to be executed by plaintiff Donovan, so that this office could access the District Attorney's office files. He assured me that he would arrange to have plaintiff execute the release, but could not commit to doing so by a date certain because of his busy schedule. By confirming letter of August 12 (copy attached as Exhibit A), I forwarded the blank form and again requested that he produce the release. To date, I have not received a release authorizing defendants to access the District Attorney's office records related to the alleged prosecution of plaintiff Donovan in the underlying criminal case.

This office has therefore been delayed in obtaining the necessary records relating to the underlying criminal matter. Among other things, we are still unable to begin the process of requesting the District Attorney's office files. We therefore cannot respond to the complaint in keeping with our Rule 11 obligations or conduct any investigation concerning plaintiffs' allegations in this case so as to prepare a defense. We also have been unable to begin the process of addressing representational issues as to the two individually-named City employees, as we cannot do so without access to the records concerning plaintiffs' claims. We also would not be able to properly engage in a Rule 26(f) conference, a Rule 16(b) conference, prepare initial disclosures, participate in discovery, or evaluate this matter for settlement at the appropriate times. During a telephone conversation concerning this matter, plaintiffs' counsel advised me that he understood that the delay in providing the releases would prevent defendants from timely

---

[1] The District Attorney's office records are of particular importance in this matter. Among other things, plaintiffs make specific allegations of misconduct on the basis that the police officers failed to disclose the existence of the witness with alleged exculpatory information to the Assistant District Attorney who handled the case. (Complaint at ¶¶ 29-30). Without properly-executed releases directed to the District Attorney's office, that office cannot produce any information concerning the underlying events.

obtaining the necessary documents and preparing their response to the complaint, and that he would consent to additional time for defendants to respond to the complaint.

As Your Honor no doubt is aware, courts routinely require civil rights plaintiffs to produce § 160.50 authorizations in these circumstances. See, e.g., Hyer v. City of New York, 2006 U.S. Dist. LEXIS 49688 at *7-8 (S.D.N.Y. July 21, 2006) (dismissing complaint as to several plaintiffs because of extended delay and ordering remaining plaintiff to produce release within 10 days at risk of dismissal with prejudice); Cabble v. Rollieson, 2006 U.S. Dist. LEXIS 7385 at *28-29 (S.D.N.Y. Feb. 27, 2006) (defendants in § 1983 case alleging false arrest entitled to executed § 160.50 release prior to interposing answer); Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 at *4 (S.D.N.Y. Apr. 10, 2003) (recognizing need for authorization where a party brings a § 1983 action, thereby placing protected information at issue; dismissing complaint where plaintiff failed to produce authorization); see also Green v. Montgomery, 219 F.2d 52, 56-58 (2d Cir. 2000) (discussing waiver of confidentiality of sealed records).[2]

Defendant City of New York has made one previous request for an extension of time to respond to the complaint from July 14, 2008, to September 12, 2008. For the reasons set forth above, defendant requests that the Court order plaintiff Donovan to produce a properly-executed § 160.50 release authorizing defendant to access the District Attorney's records related to the incident alleged in the complaint by a date certain, allow all defendants 45 days thereafter in which to respond to the allegations of the complaint, and schedule the initial conference for a date thereafter that is convenient for the Court.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc: Fred Lichtmacher, Esq.
Attorney at Law
350 5th Avenue, Suite 7116
New York, NY 10118
(by hand)

---

[2] For the Court's convenience, copies of Lexis decisions are arranged in alphabetical order and annexed hereto as Exhibit B.

3