USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FREDERICK DONOVAN and JOHNNY BANKS,

                          Plaintiffs,

          -against-

THE CITY OF NEW YORK, DETECTIVE
BOKINA, DETECTIVE AUTERA and
UNIDENTIFIED POLICE OFFICERS,

                          Defendants.

**STIPULATION AND PROTECTIVE ORDER FOR ATTORNEYS' EYES ONLY**

08 CV 5664 (AKH)

------------------------------------------------------------------x

        **WHEREAS**, plaintiffs have requested that defendants produce documents containing the names, addresses, telephone numbers, and other personal identifying information of and contact information for non-party witnesses in this action pursuant to the Federal Rules and the parties' joint discovery plan that was approved by the Court and entered as an Order on September 11, 2008; and

        **WHEREAS**, defendants deem this information sensitive and confidential information which implicates the privacy and security interests of the individuals concerned; and

        **WHEREAS**, defendants deem that this information should be for **ATTORNEYS' EYES ONLY**, and should be disseminated only to plaintiffs' counsel, and to investigators working for and at the direction of their counsel; and

        **WHEREAS**, defendants object to the disclosure of this information and production of any documents containing this information unless appropriate protection for its confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants as follows:

1. As used herein, "Confidential Materials – Attorneys' Eyes Only" shall mean the names, addresses, telephone numbers, and other personal identifying information of and contact information for non-party witnesses in this action and any other documents that defendants may in the future in good faith deem "Confidential Materials – Attorneys' Eyes Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests, except that such documents and information shall not be deemed "Confidential Materials – Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiffs from sources other than defendants, or (b) are otherwise publicly available.

2. Defendants shall designate in good faith particular documents "Confidential Materials – Attorneys' Eyes Only" by labeling such documents "Confidential Materials – Attorneys' Eyes Only" and/or by designating such documents by Bates Number in writing directed to counsel for plaintiffs. Defendants reserve the right to designate any documents "Confidential Materials – Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents to counsel for plaintiffs. If counsel for plaintiffs objects to the designation of particular documents as "Confidential Materials – Attorneys' Eyes Only" he shall state such objection in writing to counsel for defendants, and counsel for the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then counsel for plaintiffs shall, within ten (10) days of advising counsel for defendants of the objection, seek a ruling from the Court with regard to such designation.

3. Counsel for plaintiffs shall not disclose the "Confidential Materials – Attorneys' Eyes Only" or information derived therefrom for any purpose other than for the

preparation or presentation of this action, shall not disclose the "Confidential Materials – Attorneys' Eyes Only" to plaintiffs or to any person not a member of the staff of his law office, or an authorized and licensed investigator working by or at the direction of counsel, and shall make such disclosure solely for the purpose of the preparation or presentation of this action. In the event that a conflict arises between or among the parties as to whether information or documents may be disclosed to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the "Confidential Materials – Attorneys' Eyes Only," counsel agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

4.      Before any disclosure is made to a person as set forth in paragraph 3 above, counsel for plaintiffs shall provide such person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the "Confidential Materials – Attorneys' Eyes Only" for any purpose other than in connection with the preparation or presentation of this case and not to further disclose the "Confidential Materials – Attorneys' Eyes Only." The original signed consent shall be retained by counsel for plaintiffs and a copy provided to counsel for defendants.

5.      Deposition testimony concerning any "Confidential Materials – Attorneys' Eyes Only" information shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL MATERIALS – ATTORNEYS' EYES ONLY." Such portion of the transcript shall be deemed to be "Confidential Materials – Attorneys' Eyes Only" within the meaning of this Stipulation and Protective Order.

6. Where any document containing the "Confidential Materials – Attorneys' Eyes Only" information is used or addressed in court submissions or produced at a trial on the merits in this matter, subject to due consideration of its admissibility to be made by the Court, the parties agree to file or use redacted copies of documents without further order of the Court or to comply with the provisions of paragraphs 7 and 8 below.

7. If any party intends to file the "Confidential Materials – Attorneys' Eyes Only" with the Court, in conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the materials at trial, the party seeking to do so must first present the "Confidential Materials – Attorneys' Eyes Only" to the Court for a ruling on whether the "Confidential Materials – Attorneys' Eyes Only" shall be filed under seal in keeping with paragraph 8 below.

8. ~~If any paper which incorporates or reveals the contents of any "Confidential Materials – Attorneys' Eyes Only" information is filed with the Court, those portions of the papers shall be delivered to the Clerk of Court enclosed in a sealed envelope in compliance with the Clerk's procedures for filing under seal.~~

9. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials – Attorneys' Eyes Only," including all copies, notes, non-conforming copies and notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for defendants or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to counsel for defendants.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the "Confidential Materials – Attorneys' Eyes Only" in any manner.

4

11. The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
5/15, 2009

FRED LICHTMACHER, ESQ.
Attorney for Plaintiffs
350 5th Avenue, Suite 7116
New York, NY 10118
(212) 922-9066

By: _____
Fred Lichtmacher


MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
Attorney for Defendants City of New York,
Ronald Bokina, and Daniel Autera
100 Church Street
New York, NY 10007
(212) 227-4071

By: _____
Susan P. Scharfstein

SO ORDERED: 6/22/09 (as revised)

_____
ALVIN K. HELLERSTEIN, U.S.D.J.

## EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Stipulation and Protective Order for Attorneys' Eyes Only entered in the United States District Court for the Southern District of New York on _____, 2008, in the action entitled <u>Donovan, et al. v. City of New York, et al.</u>, 08 CV 5664 (AKH), and understands the terms thereof. The undersigned agrees not to use the "Confidential Materials – Attorneys' Eyes Only" defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the "Confidential Materials – Attorneys' Eyes Only."

_____           _____
Date                              Signature

                                  _____
                                  Print Name

                                  _____
                                  Occupation